GEORGE H. EMMONS v. MINNEAPOLIS & ST. LOUIS RAILWAY
COMPANY.[1]

July 15, 1904.

Nos. 13,840—(127).

**Highway Crossing—Negligence.**

In this a personal injury action it is *held* that the verdict is sustained
by the evidence.

Action in the district court for Freeborn county by plaintiff, as ad-
ministrator of the estate of Halvor Thompson, deceased, to recover
$15,250 for the death of deceased. The case was tried before Kings-
ley, J., and a jury, which rendered a verdict in favor of plaintiff for
$2,000. From an order denying a motion for judgment notwithstand-
ing the verdict or for a new trial, defendant appealed. Affirmed.

*W. S. Hammond,* for appellant.

*Dunn & Knatvold* and *French & Kelly,* for respondent.

START, C. J.

On January 30, 1901, at the intersection of the defendant's railroad
track with a public highway known as the "State Line Road," in the
village of Emmons, the plaintiff's intestate was struck by an engine
hauling the defendant's passenger train over the crossing. This action
was brought to recover damages for his death, which was caused by the
defendant's alleged negligence. The specific grounds of negligence al-
leged in the complaint are that the highway crossing at the place of the
accident was in a defective and unsafe condition, in that it was so negli-
gently constructed and maintained by the defendant that the rails pro-
jected three inches above the planks on each side, and that the planks
were five inches from the rails, and that the train was running at a
high and dangerous rate of speed over the crossing, without giving any
signals of its approach. The answer denied any negligence on the part
of the defendant, and alleged that the death of the plaintiff's intestate
was due to his own negligence. The jury returned a verdict for the

[1] Reported in 100 N. W. 364.

plaintiff for $2,000, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict, or for a new trial.

The only question presented for review by the record is whether the verdict is sustained by the evidence. There was some conflict in the evidence, but it was clearly sufficient to justify the finding of the jury that the defendant was negligent substantially as alleged in the complaint, and that such negligence was the proximate cause of the death of the intestate. The defendant, however, earnestly contends that the intestate was, as a matter of law, guilty of contributory negligence, in that if he had looked and listened before driving upon the crossing, he would have discovered the approach of the train in time to have avoided the collision. This is a more serious question. The intestate was a man sixty years old, with defective eyesight. Ordinarily, he wore glasses when driving, but at the time of the accident he did not have them on for the reason that they were broken. He was familiar with the railway crossing. There was evidence on the part of the plaintiff tending to show that a heavy wind was blowing, and that there was so much dust and snow in the air that an approaching train could be seen only a short distance away; that there were box cars on the side track, which obstructed the view of the intestate so that he could not see the train until he was practically upon the track; and, further, that when he drove upon the crossing his wagon, which was loaded with lumber, was caught in the space between the rails and planks, and that before he could get over the crossing the train came rushing upon him at the rate of some sixty miles an hour. The evidence on the part of the defendant tended quite forcibly to show that the snow and dust in the air were not sufficient materially to obstruct the range of vision, or to prevent the intestate from seeing the approaching train if he had looked; that his view was not obstructed by box cars on the side track; and, further, that the speed of the train did not exceed thirty miles an hour. It will serve no useful purpose to refer to the evidence in detail. Upon a consideration of the whole evidence, we are of the opinion that the finding of the jury on the question of the intestate's alleged contributory negligence is not so manifestly against the weight of the evidence as to justify us in setting it aside. The case was fairly tried,

and submitted to the jury by the learned trial judge with instructions which were satisfactory to both parties. We hold that the verdict is sustained by the evidence.

Order affirmed.